UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>                  Plaintiff,<br>  v.<br><br>CY EXPO LLC, a Nevada limited liability company,<br><br>                  Defendant,<br>  v.<br><br>J.P. MORGAN CHASE BANK NA,<br><br>                  Garnishee-Defendant. | CASE NO. 2:24-mc-00001-TL<br><br>ORDER ON AMENDED APPLICATION FOR WRIT OF GARNISHMENT |

This matter is before the Court on Plaintiff Northwest Administrators, Inc.'s Amended Application for Writ of Garnishment. Dkt. No. 3. The Court denied Plaintiff's first application because Plaintiff did not include an answer form. Dkt. No. 2 at 1. The Court also sanctioned Plaintiff for this error, the latest in a series of avoidable and continued errors in applications submitted to this District. *Id.* at 2–3.

ORDER ON AMENDED
APPLICATION FOR
WRIT OF GARNISHMENT - 1

   Plaintiff has now included an answer form with its amended application. Dkt. No. 3-1. However, the answer form is not "substantially" in the basic form set out by statute. *See* RCW 6.27.190(3). To be sure, minor variations in form, like "use of numbering or titling of paragraphs or other devices that may make the forms more quickly understood," are permissible. 28 Marjorie D. Rombauer, Washington Practice: Creditors' Remedies—Debtors' Relief § 8:21 (1998). But Plaintiff's answer form instead omits large portions of the statutory language, particularly from "Section I" of the basic form. As another court in this District has already twice reminded Plaintiff, "[g]arnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Nw. Adm'rs, Inc. v. CY Expo LLC*, No. MC23-51, 2023 WL 4363674, at *1 (W.D. Wash. July 6, 2023); (quoting *Watkins v. Peterson Enters., Inc.*, 137 Wn.2d 632, 640, 973 P.2d 1037 (1999), and denying writ for containing deficient language, among other reasons); *Nw. Adm'rs, Inc. v. KCD Trucking, Inc.*, No. MC23-06, 2023 WL 2214308, at *1 (W.D. Wash. Feb. 24, 2023) (same); *accord LiveOak Venture Partners I, L.P. v. DynaColor, Inc.*, 25 Wash. App. 2d 1014, 2023 WL 140273, at *3 (2023) (quoting the same). Therefore, the application is DENIED without prejudice to renew.

   Further, Plaintiff has once again submitted a deficient application with avoidable errors— the latest in a recent line of deficient applications to this District. *See* Dkt. No. 2 at 2 (collecting cases). This error will cause the Court to have to review Plaintiff's filings yet a third time, assuming it will re-file the application. The Court is even more troubled given the two prior notifications to Plaintiff of language deficiencies in *CY Expo* and *KCD Trucking*, as well as the Court's admonition in its prior Order to take care before any future filings to avoid errors (*see* Dkt. No. 2 at 2–3). Therefore, the Court will again SANCTION Plaintiff's Counsel for this additional error. LCR 11(c).

ORDER ON AMENDED
APPLICATION FOR
WRIT OF GARNISHMENT - 2

The Court again advises that Counsel may be subject to additional and increasing sanctions if the Court continues to receive applications with avoidable errors that cost the Court and its staff time and resources. The Court further strongly advises Plaintiff to check their forms and notices for these types of cases, as the requirements are clearly laid out in the RCW. Indeed, the statutes provide model language, making it very simple to comply with the statutory requirements.

Accordingly, it is hereby ORDERED:

(1) Plaintiff's Amended Application for Writ of Garnishment (Dkt. No. 3) is DENIED without prejudice.

(2) Plaintiff SHALL file an amended application **within ten (10) days** of this Order. Absent a timely amended application, the Court will direct the Clerk to close the case.

(3) Plaintiff's Counsel, Reid Ballew Leahy & Holland LLP, is SANCTIONED in the amount of $300. Counsel SHALL issue a $300 check payable to the Clerk of Court **within ten (10) days** of the date of this Order.

(4) Plaintiff's Counsel SHALL provide a copy of this Order to their client.

(5) Plaintiff's Counsel SHALL file a certification of compliance with paragraphs (3) and (4) of this Order **within ten (10) days** of the date of this Order.

Dated this 22nd day of January 2024.

Tana Lin
United States District Judge